**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 93-cv-01547-LTB

MATTHEW EZEKIAL HARAMIS,

      Plaintiff,

v.

PRESTON MITCHELL,

      Defendant.
_____

**ORDER**
_____

      On November 17, 1994, this Court entered judgment in favor of Plaintiff, Matthew Ezekial Haramis, and against Defendant, Preston Mitchell, in the principal amount of $150,000.00 plus interest at the rate of nine percent simple interest from October 2, 1992, to June 30, 1993, and nine percent interest compounded annually from June 30, 1993, until the date the judgment is satisfied. To date, the judgment remains fully unsatisfied. Although the November 17, 1994, judgment was previously the subject of a bankruptcy action in the Northern District of Georgia, the Bankruptcy Court has now determined the judgment is non-dischargeable under 11 U.S.C. § 523(a)(6). The Tenth Circuit subsequently lifted the stay of this proceeding.

      On May 19, 2009, this Court issued Defendant an order to show cause why the November 17, 1994, judgment should not be revived against him under COLO. R. CIV. P. 54(h) [**Docket # 124**]. Defendant filed his Brief in Opposition on June 3, 2009 [**Docket # 126**]. Defendant argues—without citing to any authority—that the judgment should not be renewed because Plaintiff took no action to enforce the judgment prior to 2005. Colorado law does not

recognize the doctrine of laches as a defense to a motion to revive judgment. *See People v. Tipton*, 973 P.2d 713, 717 (Colo. Ct. App. 1998).

Accordingly, IT IS ORDERED that Plaintiff's Motion for Revival of Judgment [**Docket # 120**] is GRANTED. The judgment rendered in this action on November 17, 1994, is hereby REVIVED with like force and effect as if rendered upon today's date.

IT IS FURTHER ORDERED that there is now due upon the said judgment the principal amount of $150,000.00 plus interest at the rate of nine percent simple interest from October 2, 1992, to June 30, 1993, and nine percent interest compounded annually from June 30, 1993, until the date the judgment is satisfied.

Dated: June   4  , 2009.

                                        BY THE COURT:

                                           s/Lewis T. Babcock
                                        Lewis T. Babcock, Judge